J-A07029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LONNY LYSAK :
:
Appellant : No. 1291 MDA 2017

Appeal from the PCRA Order July 18, 2017
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001226-2015,
CP-35-CR-0001234-2015

BEFORE: PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED MAY 08, 2018**

Appellant, Lonny Lysak, appeals *pro se* from the order entered on July 18, 2017, dismissing his petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546. We affirm.

As the PCRA court explained:

> On July 8, 2015, [Appellant pleaded] guilty to one count of rape of a mentally disabled person, one count of indecent assault of a person less than 16 years of age, and one count of indecent assault of a person with a mental disability.[1] [In exchange for this plea, the Commonwealth agreed to *nolle pros* the remaining charges against Appellant]. . . .
>
> The rape charge arose in 2014[,] when [Appellant] engaged in sexual intercourse with [victim] M.M., who suffers from a mental disability. [That same year, Appellant committed the crime of] indecent assault of a person less than 16 years of age against victim] T.J., who was 13 years of age. [Appellant

_____

[1] 18 Pa.C.S.A. §§ 3121(a)(5), 3126(a)(8), and 3126(a)(6), respectively.

_____

* Former Justice specially assigned to the Superior Court.

committed the crime of indecent assault of a person with a mental disability sometime between January 2005 and February 2015, when Appellant] had indecent contact on numerous occasions with [victim] T.H., who suffers from a mental disability. . . .

On October 27, 2015, a sentencing hearing was held and [Appellant] was found to be a sexually violent predator. [That day, the trial court sentenced Appellant to serve an aggregate term of 78 to 240 months in prison for his convictions].

PCRA Court Opinion, 9/21/17, at 1-2.

On October 25, 2016, Appellant filed a timely, *pro se* PCRA petition. Within the petition, Appellant claimed that his trial counsel was ineffective because counsel "failed to investigate and prepare a defense[,] which caused [Appellant] to involuntarily plead guilty." Appellant's PCRA Petition, 10/25/16, at 4.

On November 30, 2016, the PCRA court appointed counsel to represent Appellant. However, on March 22, 2017, appointed counsel filed a no-merit letter and a request to withdraw as counsel, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

After reviewing counsel's **Turner**/**Finley** letter, the PCRA court entered orders that:  granted counsel's petition to withdraw and notified Appellant that it intended to dismiss the PCRA petition in 20 days, without holding a hearing. **See** PCRA Court Order, 6/12/17, at 1; PCRA Court Order, 6/12/17, at 1; Pa.R.Crim.P. 907(1).  Appellant responded to the PCRA court's notice of intent

to dismiss by expounding upon the claim he initially raised in his PCRA petition. Specifically, Appellant claimed:

> In the case [*sub judice*], trial counsel never interviewed [Appellant], nor did he discuss the possibility of a defense or witnesses. Counsel never interviewed Ms. Lisa Healey, the girlfriend of [Appellant] and the caretaker of the alleged victims. Had counsel interviewed Ms. Healey, he would have discovered that there [were] numerous defenses to these charges and therefore, no need to [compel Appellant] to plead guilty.
>
> First, counsel would have learned that the only time that [Appellant] had access to the alleged victims [was] while they were in the care of his girlfriend, Ms. Healey. Counsel would have learned that a witness named Kelly, who was also receiving care from Ms. Healey, was always present when the alleged victims were at [Appellant's] house. Kelly had told authorities that she never [saw Appellant] interact with her or anyone else under Ms. Healey's care inappropriately.
>
> Second, counsel would have learned that [Ms. Healey] was fired from her position as caretaker before the dates that these alleged incidents occurred. Since Ms. Healey was no longer giving care to these alleged victims, [Appellant] did not have access to them in order to perpetrate these alleged indecent incidents.

Appellant's Response to Notice of Intent to Dismiss, 6/26/17, at ¶¶ 4-7 (internal paragraphing and some internal capitalization omitted).

On July 18, 2017, the PCRA court finally dismissed Appellant's PCRA petition. PCRA Court Order, 7/18/17, at 1. Appellant filed a timely notice of appeal and Appellant now raises one claim to this Court:

> [The] PCRA court erred in dismissing [Appellant's] PCRA petition as meritless where trial counsel was ineffective for failing to investigate and prepare a defense which caused Appellant to involuntarily plead guilty.

- 3 -

Appellant's Brief at ii (some internal capitalization omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffectiveness of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is, however, presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

*Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). As this Court has explained:

> A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. *See Commonwealth v. Jones*, 876 A.2d 380, 385 (Pa. 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim . . . , he or she will have failed to establish the arguable merit prong related

to the claim"). Whether the facts rise to the level of arguable merit is a legal determination.

The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (some internal quotations and citations omitted). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Id.*

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002). Yet, where the ineffectiveness of counsel is claimed in connection with the entry of a guilty plea, a petitioner may only obtain relief where "counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating [the] entry of an unknowing, involuntary, or unintelligent plea." *Commonwealth v. Moser*, 921 A.2d 526, 530 n.3 (Pa. Super. 2007) (*en banc*) (internal citations and quotations omitted). As we have explained:

once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of

proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established.

*Commonwealth v. Stork*, 737 A.2d 789, 791 (Pa. Super. 1999) (internal quotations, citations, and corrections omitted), *quoting* *Commonwealth v. Myers*, 642 A.2d 1103, 1105 (Pa. Super. 1994). "To prove prejudice, [an] appellant must prove he would not have [pleaded] guilty and would have achieved a better outcome at trial." *Commonwealth v. Fears*, 86 A.3d 795, 807 (Pa. 2014) (internal quotations and citations omitted).

Moreover,

> With regard to the voluntariness of a plea, a guilty plea colloquy must "affirmatively demonstrate the defendant understood what the plea connoted and its consequences." *Commonwealth v. Lewis*, 708 A.2d 497, 501 (Pa. Super. 1998). Once the defendant has entered a guilty plea, "it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008). Competence to plead guilty requires a finding that the defendant comprehends the crime for which he stands accused, is able to cooperate with his counsel in forming a rational defense, and has a rational and factual understanding of the proceedings against him. *Commonwealth v. Turetsky*, 925 A.2d 876 (Pa. Super. 2007).

*Commonwealth v. Willis*, 68 A.3d 997, 1002 (Pa. Super. 2013). "A defendant is bound by the statements which he makes during his plea colloquy." *Commonwealth v. Lewis*, 708 A.2d 497, 502 (Pa. Super. 1998) (internal citation omitted). "A defendant may not assert grounds for

withdrawing the plea that contradict statements made when he pled guilty."

*Id.*

Finally, a PCRA petitioner is not automatically entitled to an evidentiary hearing on his petition. A PCRA petition may be dismissed without a hearing if the PCRA court "is satisfied from [its review of the petition] that there are no genuine issues concerning any material fact and that the [petitioner] is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." Pa.R.Crim.P. 907(1). However, when the PCRA petition raises material issues of fact, the PCRA court "shall order a hearing." Pa.R.Crim.P. 908(A)(2). Thus, "[t]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. Paddy*, 15 A.3d 431, 442 (Pa. 2011) (internal quotations and citations omitted).

On appeal, Appellant claims that his trial counsel was ineffective for "failing to investigate and prepare a defense which cause[d] Appellant to involuntarily plead guilty." Appellant's Brief at 9. Specifically, Appellant claims that his plea counsel was ineffective: for failing to interview Appellant and for failing to interview Appellant's girlfriend, Lisa Healey. *See id.* at 18-22.

Appellant first claims that his trial counsel was ineffective for failing to interview Appellant. *Id.* However, this claim immediately fails, as Appellant has not explained how he would "have achieved a better outcome at trial" if his plea counsel would have conducted this interview. *See id.*; *see also Fears*, 86 A.3d at 807 ("[t]o prove prejudice, [an] appellant must prove he would not have [pleaded] guilty **and would have achieved a better outcome at trial**") (internal quotations and citations omitted) (emphasis added). Therefore, as to this issue, Appellant failed to plead the "prejudice" prong of his ineffective assistance of counsel claim and the claim necessarily fails.

Next, Appellant claims that counsel was ineffective for failing to interview Ms. Healey. According to Appellant, if counsel interviewed Ms. Healey, Ms. Healey would have informed counsel: "that the complaining witness[es] never left her sight when they were under her care;" that "Appellant was never left alone with the complaining witnesses for a period of time in which these alleged criminal acts could have been perpetrated;" and, that she was not the victims' caretaker when the assaults occurred. Appellant's Brief at 18-19.

As we have explained:

> The failure to investigate presents an issue of arguable merit where the record demonstrates that counsel did not perform an investigation. It can be unreasonable *per se* to conduct no investigation into known witnesses. Importantly, a petitioner still must demonstrate prejudice. To demonstrate prejudice where the allegation is the failure to interview a

witness, the petitioner must show that there is a reasonable probability that the testimony the witness would have provided would have led to a different outcome at trial.

In this respect, a failure to investigate and interview a witness claim overlaps with declining to call a witness since the petitioner must prove: (i) the witness existed; (ii) the witness was available to testify; (iii) counsel knew of, or should have known of, the existence of the witness; (iv) the witness was willing to testify; and (v) the absence of the testimony was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Pander***, 100 A.3d 626, 638-639 (Pa. Super. 2014) (internal quotations and citations omitted).

In the case at bar, Appellant did not attach "a signed certification" for Ms. Healey to his PCRA petition, containing her "address, date of birth and substance of testimony." 42 Pa.C.S.A. § 9545(d)(1). Further, and more importantly, Appellant's petition never declared that Ms. Healey was willing or available to testify on behalf of Appellant, at Appellant's trial. ***See*** Appellant's PCRA Petition, 10/25/16, at 1-9; Appellant's Response to Notice of Intent to Dismiss, 6/26/17, at 1-4; ***Pander***, 100 A.3d at 638-639. Because of this failure, Appellant did not properly plead his ineffective assistance of counsel claim. Appellant's claim that the PCRA court erred in dismissing his petition thus fails.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/8/2018</u>